# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:20-cv-00088-MR

| | |
|---|---|
| HAROLD PLESS,[1] ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ERIK A. HOOKS, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 1], and on the Respondent's Motion to Dismiss on Statute of Limitations Grounds [Doc. 8].

**I.     BACKGROUND**

Harold Pless (the "Petitioner") is a prisoner of the State of North Carolina.  On July 27, 2017, the Petitioner was found guilty of the following

---

[1] According to the North Carolina Department of Public Safety's website, the Petitioner is also known as "Harold Lee Pless" "Harold L. Pless" and "Harold Lee Pless, Jr." See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0325390&searchOffenderId=0325390&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed September 28, 2021); Fed. R. Ev. 201.

offenses which all occurred on September 7, 2012:[2] possession with intent to manufacture, sell, or deliver heroin; sale of heroin; trafficking in opium or heroin by possession; trafficking in opium or heroin by sale; possession with intent to sell or deliver oxycodone; and sale of oxycodone, Iredell County Case Nos. 12CRS056461, -64, and -65. [Doc. 9-2 at 2-4]. He was sentenced to between 70 and 84 months' imprisonment. [Id.]. The Petitioner filed a direct appeal and the North Carolina Court of Appeals affirmed on December 18, 2018. State v. Pless, 263 N.C. App. 341, 833 S.E.2d 804 (N.C. App. 2018).

On July 8, 2019, the Petitioner filed in the North Carolina Supreme Court a "Petition for Writ of Certiorari for Discretionary Review," pursuant to N.C. Gen. Stat. § 7A-31 and -32(c), and Rule 21 of the North Carolina Rules of Appellate Procedure. [Doc. 9-8 at 2]. The North Carolina Supreme Court denied the petition on October 30, 2019. State v. Pless, 373 N.C. 175, 833 S.E.2d 804 (2019).

The Petitioner filed the present § 2254 habeas petition in this Court on July 2, 2020.[3] [Doc. 1]. He argues: "The trial court violated Mr. Pless' 6th

---

[2] The Petitioner has filed a separate § 2254 action, Civil Case No. 5:20-cv-00024-MR, addressing offenses that were committed on October 5, 2012 in Iredell County Case Nos. 12CRS056462, -63, and -66.

[3] The Petitioner failed to certify the date upon which he deposited the § 2254 petition in the prison's mailing system. See Rule 3(d), 28 U.S.C. foll. § 2254 (requiring a petitioner

Amendment Confrontation rights and committed plain error in allowing Ms. Knops to state her opinion that the pills were oxycodone and committed error and plain error by allowing her to state her opinion that the weight of the pills was 9.45 grams." [Doc. 1 at 7].

The Respondent moves for dismissal of the § 2254 petition on grounds that it is barred by the one-year statute of limitations. [Doc. No. 8]. On February 12, 2021, the Court issued an Order advising the Petitioner of his right to respond to the Motion to Dismiss within 30 days. [Doc. 10]. The Petitioner has not responded, and the time to do so has expired. The pending motion is now ripe for review.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

to certify the date he deposited the petition into the institution's mailing system). The Court therefore relies on the date the envelope was stamped as outgoing prison mail. See [Doc. 1-1 at 2]; Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitation period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review…." 28 U.S.C. § 2244(d)(2).

### III. DISCUSSION

The Respondent moves for dismissal of the § 2254 petition on grounds that it is barred by the one-year statute of limitations.

The Petitioner's conviction and sentence became final on or about January 22, 2019, when the time to file a timely petition for discretionary review in the North Carolina Supreme Court expired. N.C. R. App. 14(a) and 15(b) (providing 15 days after the court of appeals issues its mandate to file a notice of appeal and/or petition for discretionary review in the North Carolina Supreme Court); N.C. R. App. 32(b)(unless otherwise ordered by the court, the mandate issues 20 days after the decision is filed). By the time

4

that the Petitioner filed his petition for discretionary review on July 8, 2019, 167 days of the one-year statute of limitations had expired. The untimely petition for discretionary review provided no tolling. See 28 U.S.C. § 2244(d)(2) (only "properly filed" applications for state court review toll the statute of limitations). The Petitioner waited a total of 527 days from the date his conviction became final on January 22, 2019, before filing his § 2254 petition in the instant case on July 2, 2020.[4]

The Petitioner does not attempt to demonstrate that statutory or equitable tolling should apply. Accordingly, the § 2254 petition will be dismissed with prejudice as time-barred.

## III. CONCLUSION

For the reasons stated herein, the Respondent's Motion to Dismiss [Doc.8] is granted. The § 2254 petition is untimely and barred by the statute of limitations and the Petitioner fails to establish that he is entitled to equitable or statutory tolling.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not

---

[4] Even if the statute of limitations were tolled during the pendency of the petition for discretionary review, the § 2254 petition was still untimely filed. Two hundred forty-six days elapsed between the petition's denial on October 30, 2019 and the filing of Petitioner's § 2254 petition on July 2, 2020, for a total of 413 days of untolled time.

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS THEREFORE ORDERED** that:

(1) The Respondent's Motion to Dismiss on Statute of Limitations Grounds [Doc. 8] is **GRANTED**, and the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely.

(2) The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**. Signed: October 27, 2021

Martin Reidinger
Chief United States District Judge